for the second district is now open. The Honorable Justice Susan F. Hutchinson presiding, along with Justices Donald C. Hudson and Liam C. Brennan. The case is number 219-0040, People of the State of Illinois Plaintiff-Appellee v. Aaron A. McGee, Defendant-Appellant. Arguing for the Appellant, Jonathan Krieger. Arguing for the Appellee, Mary Beth Burns. Good morning, counsel and colleagues. Mr. Krieger, are you ready to proceed? I am, thank you. Go forward. Good morning. May it please the Court. The Circuit Court dismissed my client's post-conviction petition at the second stage. The question in this appeal is whether the petition made a substantial showing of ineffective assistance of counsel, such that it should advance to effective assistance of counsel. This morning, I wanted to focus on Argument 1, that counsel was ineffective for promising an acquittal during plea negotiations. According to my client's petition, before trial, the State tendered two plea offers for nine years and eight years. When my client expressed interest in the offers, counsel told him that she would win the case at trial and promised to beat the case at trial. There seems to be no dispute that my client made a substantial showing... Mr. Krieger? Yes. I'd like to ask a question. Your client had several opportunities to address the Court during the course of these proceedings about dissatisfaction with counsel, and then at the end of the proceedings. Did he ever raise the specific issue of her advice about the plea prior to this petition? No, Your Honor. He did not. His main opportunity to address the Court was at the preliminary Krinkle inquiry, and at that inquiry, the only issue he raised wasn't entirely clear. It sounded a little bit like a failure to investigate claim that his trial attorney had not had the class X's dropped. Mr. Krieger, let me ask you this. Does the defendant have some obligation to raise this issue during the Krinkle hearing? I'm aware of no authority that he would. The only forfeiture rule that I'm aware of that might apply would be if the issue wasn't raised on direct appeal, and there are good reasons for that. On direct appeal, an attorney... excuse me, a client has... defendant has an attorney who will have the time to go over the record and to raise any possible issues. In this case, there was a preliminary inquiry. There wasn't even a full Krinkle hearing with Krinkle counsel. As Your Honors are aware, a Krinkle inquiry can happen based on merely an oral inquiry. There doesn't need to be any notice that the preliminary inquiry would happen, so I think that the normal kind of policy concerns that motivate the forfeiture rule for direct appeal wouldn't apply to a Krinkle inquiry, and the state has also cited no authority that a claim is forfeited by not being raised at a preliminary Krinkle inquiry. To the defendant, in the Krinkle hearing, the defense counsel says, where's the effect of an offer was conveyed and the defendant rejected it? I mean, he's standing there. Wouldn't we expect at that point for him to say, hold on, and give some kind of an explanation? Oh, we might expect that, but I don't believe that my client was given an opportunity to respond, and courts obviously don't look well on defendants interrupting the judge. Now, he was given a full opportunity to state his claims, but once counsel was talking, he wasn't given an opportunity to rebut them. I think this points to the kind of lack of process in a preliminary Krinkle inquiry and why it shouldn't be binding on my client with regard to say, forfeiture. He wasn't really given an opportunity to rebut that. He wasn't given an attorney who could cross-examine the trial counsel and ask about this. I mean, one of the things about the preliminary Krinkle inquiry is no one asked about the advice that the counsel gave, and that's the crucial issue that's raised in my client's post-conviction petition. So, would it positively rebut? No, it didn't positively rebut the allegations in my client's petition. Would it forfeit it? No, I don't think there's any authority that the failure to raise it would forfeit it. Now, with regard to the two showings under Strickland, the client doesn't need to make full showings. He only needs to make substantial showings, and it doesn't appear to be in dispute that the allegations in my client's affidavit showed a substantial showing of deficient performance. An attorney can frankly assess the viability of a defense but isn't allowed to guarantee an outcome, and according to my client, that's what happened. The attorney said that she would promise that she would beat the case at trial, and that falls outside of the that leaves the issue of prejudice. I have a question. The affidavit is substantial. I mean, there are lots of issues that are raised there, but we also have to look at the record, don't we, to see if those allegations are in any way rebutted by the record, and he says several times when he's all I got, you know, I only got discovery. I don't know if you referenced that she yelled at me when I asked a question that I know was in the affidavit, but how can we take those allegations and look at this record and see that or find that the affidavit actually does rebut the record? I think it's actually the opposite. The question is whether the record positively rebuts the affidavit. It doesn't need to have a specific corroboration, and I would point to the Robinson case, which discusses what positively rebutted means, and that would be that no one could ever accept the specific allegations raised by the defendant, that it would be incontestably demonstrated to be false or impossible, and so if all there is is silence, that doesn't positively rebut it, and I would point out that there is some corroboration, perhaps not a lot, but some corroboration based on the Crankoin Creed that it indicates that there in fact was a plea offer. This isn't like other cases where we don't really know. There was no Curry admonitions, and so we wouldn't know. In this case, it does show there was a plea offer, and there was also a reference in the record to a conference that would offer some modicum of corroboration. Mr. Krieger, while we're on the subject of whether the record positively rebutted the defendant's allegations in the petition, did the trial court here ever specifically address the issue of whether or not the record rebutted the defendant's allegations that counsel misled him? I'm sorry, I should have this immediately at hand, but no, the circuit court seemed to accept the state's argument that it would be forfeited for not being raised. That was, I thought, the primary rationale of the circuit court. Something akin to a forfeiture is what the trial court seemed to hang its head on, correct? That's right, Your Honor, and our authority is supporting that. Indeed, the policy of forfeiture would not find forfeiture in that context. I've already discussed a little bit how the record, the state's argument about forfeiture, excuse me, the state's argument about how the Crankville inquiry affects the analysis. We can also look to the sentencing range in this case in assessing the likelihood that my client would take the offer. In this case, because it's the second stage, a substantial showing of that. And here, the sentencing range with the firearm add-on was 21 to 45 years, and my client had some background, but they were low-level felonies, although he was a young person at the time. And so, this might not be a minimum case, but it's probably close to a minimum case. And the eight- and nine-year plea offers were plainly better than the 21-year minimum that he faced. Unless Your Honors have any other questions? Well, I do have one question, and although I know that the recent People v. Robinson case addresses successive petitions, successive rather post-conviction petitions, which is a lot to say at this hour of the morning, do you see any relationship between that and the classic, you know, that the record is sort of king here, and that does the record rebut this affidavit? Yes, I think Robinson, although Robinson was, I believe, a leave-to-file stage, this is, my reading of the cases is that the positive rebuttal standard applies at any time before the third stage. The third stage is where credibility findings are made, and when the, really, the claim is fully decided. And so, I think that the principles in Robinson about how a defendant's allegations need to be looked at, and when, basically, when they can be dismissed if they're incontestably false, would also apply, in this case, in the second stage dismissal. Justice Burke, Justice Michael Burke, joined by Justice Garmon and Justice Carmier, wrote a rather significant and strong dissent that this is a really big change in how we look at this particular issue of leave to file a successive post-conviction petition. Are you aware of any movement throughout the court that might also be looking at this second to third stage proceedings? I think, I mean, if I recall the dissent in Robinson correctly, much of that dissent was about an issue that isn't involved here, which is what actual innocence means and newly discovered evidence, which isn't up to play here. I'm not aware of any cases that try to distinguish between the standard. Obviously, there are cases that just between the first and second standard with regard to how substantial claim needs to be, whether it has an arguable basis versus a substantial showing. But in terms of testing the specific, say, factual allegations, which I think is kind of a key issue here, I'm not aware of any cases that distinguish between the first and the second stage with regard to applying those principles. Thank you. Since my client has made a substantial showing of an effective assistance of counsel, I would ask that this court remand for a second stage proceedings. Thank you. Thank you. All right. Do either of my colleagues have any questions at this time of Mr. Krieger? I don't at this time. I do not. Thank you. Thank you. All right. Ms. Burns, you may proceed when you are ready. Good morning, Your Honors. May it please the court, my name is Mary Beth Burns, and I represent the people of the state of Illinois. We come before this court this morning to ask Your Honors to affirm the trial court's determination that dismissal was proper at the end of stage two. Primarily, we would disagree with the defense in that despite the fact that the trial court put it more in the box of forfeiture, I think we believe that the colloquy at the Krankel hearing, in fact, does rebut the defendant's claim. To the extent that the defense believes that the Krankel hearing only presents silence, I think that Your Honors pointed out that the defendant had every opportunity during that colloquy to say anything he wanted, and the trial court clearly was prompting the defendant to say and explain what his complaints were about counsel. The defendant said... I apologize, Justice Hutchinson. Go ahead. No, you go ahead, Justice Brennan. I'll follow up. If I may just inquire, if we accept the state's position here, isn't a logical extension of your argument that any time there's a Krankel inquiry, any issue the defendant did not raise is rebutted? Isn't that a logical extension of your argument? I think it depends on the circumstances, and there may be circumstances where that is true. I think here it's entirely true because the trial court did not merely give the defendant an opportunity, but was actively prompting the defendant to present any complaints that he had for counsel. I think that if you have a judge... Petitions, any time there's a Krankel situation, by asking that mere question and putting a pro se defendant who's not represented at that point on the spot to come up with all the possible issues that might be argued. Well, I guess, again, my answer would be that it would depend on the surrounding circumstances, and here the claim that he Krankel... The only claim he raised in the Krankel, in his pro se motion, was my lawyer didn't get rid of the exes. There may have been a discussion between... The lawyer may have volunteered this issue about plea negotiations, but it had no relationship to what the defendant was proposing. The defendant kept saying, she didn't do anything for me. She was supposed to get rid of the exes, and she didn't do anything for me, and the trial court talked about her challenging the weapon in the trial during the course before the jury, and then he said, what else bothers you? He goes, well, she did that later. She didn't do that before. Before she was supposed to get rid of them, and that's when the court asked counsel if there had, in fact, been negotiations, and counsel explained that there had been negotiations and what was then presented to the defendant, and counsel said that she and the other assistant public defender both presented both of the negotiations to the defendant that would have gotten rid of the exes, and that it was the defendant who turned them down. Nothing precluded the defendant at that point from saying, that's not what happened. Ms. Burns, if I could jump in here with a pointed question. Do you have any authority you can cite us to that stands for the proposition that an omission or an absence of an assertion at the Krankel hearing constitutes a positive rebuttal of an allegation in a post-conviction position? No, I don't, and I think it's funny. I'm sure your honors understand that we discuss things in our office, and we had gone back and forth about that in the office, but the basic truth is there are all manner of things that occur that ultimately become new law. You know, one of the most recent ones is the Miller versus Alabama bodies of law, but during the course of any of our legal careers, we've had all manner of things become law that had not been law previously, and I think this is one of these situations where given, I apologize, given the nature of the trial court's discussion with the defendant, and the trial court's real invitation to the defendant to put anything before it that in fact was damaging to counsel's representation. I think where the defendant chooses not to avail himself of that opportunity, there should be legal consequences for it. Well, if it can't fall under forfeiture, would you expect us to hold that silence is a positive rebuttal of an allegation? In this type of situation where the trial court has been actively prompting the defendant, and where defense counsel makes an assertion that negotiations were presented to the defendant that took away the weapon, his silence does have to be, I think, has to be ruled as a sense that that's what occurred. Because again, nothing prevented him from saying, no, your honor, that's not what happened. Ms. Burns, this, Mr. Krieger has said that this is a pre-Krenkel hearing, and essentially I think it probably was, but even though the judge was prompting and trying to get information, did Mr. Krieger's client ever have an opportunity to actually ask questions of his counsel? Would that have been one of the issues that could have happened at this stage? I think there was both a pre-Krenkel and a post-Krenkel. The discussion about she didn't do anything for me, she was supposed to get rid of the exes, was the actual Krenkel after the conviction, after the guilty plea. I'm sorry, after the conviction. Was he represented though? How did he know what questions to ask? Or should he just have, because he might have some savvy with other charges, hey, why did you promise that I wasn't going to be found guilty of those two charges? Why do we have to find that that's what he would have had to do in order to make this substantial showing enough to go to third stage? I guess because the conversation at the Krenkel hearing was really tailor-made for him to present that type of a claim. Assuming that we're going to a third stage hearing, and in defense brief, they talk about the third stage hearing being where counsel would testify. I find it hard to imagine the counsel would say anything other than what counsel said at the Krenkel hearing, which is we had active negotiations with the state, and the state agreed to take off the weapons charges. There was one offer of nine years and one offer of eight years. She remains an officer of the court, but at that point, she wasn't under oath, was she? No, but I think there's a presumption that as an officer of the court, when an attorney speaks to the court, the attorney is comparable to being under oath. But accepting everything you say is correct and accepting your analysis for the moment. What the lawyer said is, I gave him the offer and he rejected it. She doesn't say why he rejected. She doesn't discuss whether the rejection was a function of her adamantly indicating, I'm going to win this. Even if we were to accept that what happened at the Krenkel hearing might support an affirmative rebuttal, here, what you're saying is an affirmative rebuttal doesn't actually speak to the issue raised in the post-conviction petition, does it? I guess I would differ as to the meaning of the the post-conviction petition in the context of what occurred at trial and after trial. However, I understand what this court is saying, which is a concern for what could theoretically be viewed as a silent record. I don't necessarily view it that way when the defendant had and was actively encouraged to discuss what had actually happened. I understand the notion that one could look at it and say that, absent a discussion about the reasons why he turned it down. But again, it must be looked at in the context of what came up at the actual Krenkel hearing, where he said, she didn't do anything for me. She was supposed to get rid of the Xs. And in fact, the offer to him did have the Xs gone. So I don't know, from the people's standpoint, if it's demanding too much of a defendant, if she says, we presented these and he rejected them, for him to say that's not what happened, or to some way contradict. Because in fact, there were two, everybody agrees that there were two offers that were rejected. The interesting thing is, I don't think she said, specifically, at least at one of the hearings, that he rejected them. She said, I believe there were offers made, but they didn't take place. That's even more, that's even more ambiguous, I think. No, and I think you're correct. I think it was then in the judge questioning her, I think it was the judge who said, and he rejected them, and then she said, yes. Okay. So I think your memory is correct. But I mean, I don't think she was very specific when she answered the question, only upon questioning, again, the judge trying to, I think, be fair, but then she's, oh, yes, but it, but again, it still doesn't raise the issue that Judge Brennan has, or Justice Brennan has talked about, which is, she didn't say why. I suppose it's like when you talk to your children, and they say, well, I didn't lie to you, you didn't ask me that question. The questions you asked, I answered, but you didn't ask me that one. I mean, I don't, I would, I would take our question. And again, I think, I think I go back to where you've got a trial court, who is actively discussing with the defendant, what happened and why he was unhappy with his attorney. I think that that opportunity has to mean something. Well, clearly, Judge Barslatti was much, a lot more receptive to conversation than some judges have been, there's no question in my mind. But I'm just not sure how that changes the fact that, you know, he didn't, he talked about so many things in various conversations throughout these proceedings, that I'm not sure how first that Judge Barslatti got to forfeiture, but I'm not sure how we get to the fact that there hasn't been a substantial showing. I think, and it's interesting, because when you were talking to counsel, you were talking about a fairly recent Supreme Court case, which unfortunately, I read and no longer recall, because, you know, pandemic brain. But I think, as somebody who's done a lot of post conviction, I am consistently frustrated with second stage, in that I think that I think it's, it's very hard to analyze second stage in that you're still at a pleading stage. And so things still have to be taken as true. And, you know, again, perhaps between pandemic brain and having done this too long. When I read something where a defendant says, Oh, yeah, my attorney told me that she was guaranteeing me an acquittal. And like, who says that nobody says that. But again, nobody here can say blatantly on its face, that that's an untrue statement, because that would be credibility determination. But I think that whether it's stage one or stage two, all assertions within the petition and within the affidavits still have to be taken in the context of the record as a whole. And where you had a trial court, who was actively trying to allow and encourage the defendant to make a record of the manners in which he was frustrated by as attorney. I think that the choice not to avail oneself does should have a legal implication. Because then what's the point of crankle otherwise? I mean, the point of crankle is to in fact, bring one's complaints to the trial court's attention. So the trial court can determine if there has to be another step taken, or more than one step taken. But if the defendant is not open with the trial court, then the trial court has no way to in fact, ameliorate what may be a legitimate complaint. I guess if your honors have no further questions, I would close and say that we believe that the and either colleague a question of Miss Burns, or can we move on? I do not. Thank you. Thank you. All right, Mr. Krieger, if you would like to respond, you have time for rebuttal. Thank you, Your Honor. I think I would just want to address the question as to whether there would be any limiting principle to the state's position that if something isn't raised at a crankle inquiry, that it would be forfeited. And I don't see how there could be a limiting principle. As I said, this is a preliminary crankle inquiry, there's no counsel present. I don't see how a at this stage without the ability to cross examine, we could say we could hold opposing counsel mentioned, it says there's no legal implication. I mean, the legal implication is, you couldn't, if there was an inadequate. So the legal implication in this case would be because he didn't raise the question of the plea advice on direct appeal, he couldn't raise a crankle inquiry issue on direct appeal. But under the Lincoln case, which we cited in our opening brief issues that aren't raised in a preliminary inquiry on direct appeal, they get raised in a post conviction. And that's what's happening in this case. Mr. Krieger, let me ask you a pointed question that I think comes to light in light of the colloquy between the court and Ms. Burns, and her argument about defendant silence. What would prevent a defendant from intentionally or deliberately not addressing an issue, only to as a matter of strategy, hope to get another bite of the apple later? Because the position would be, well, it was never specifically rebutted, because it was never addressed. So what would ameliorate that situation? I think that's an unlikely situation, I would say. I mean, I think you're right. I guess if someone was that kind of planner, it couldn't be prevented. But I don't, I don't understand why in a defendant having been found guilty, should be held. It seems unlikely, we talked about kind of sandbagging, that a, a defendant would think, I'm not going to raise this, I'm going to save this, not for direct appeal, I'm going to save this for post conviction. I would just say, it seems like an unlikely scenario. What would the trial courts do in those circumstances? To seal off that possibility? What would the trial court do? If, if, if your honors, we're going to make a ruling that would find forfeiture, I don't think it could ever happen at a preliminary inquiry, it would have to happen at a crankle hearing, I think there's a discussion of pre-crankle, post-crankle. The courts aren't always, sometimes they refer to hearings instead of inquiries. I'm just referring to the initial showing as to whether there was possible neglect. And I don't think the process there could, would ever be sufficient so that you could find forfeiture based on that. If your honors, we're going to announce a forfeiture rule with regard to any point at the, in the, the crankle procedure, I would say would have to happen at a crankle hearing where an attorney has been appointed, much like, you know, on a direct appeal or post-conviction where an attorney is assigned and we have a 651c certificate to make sure that there was basically a thorough review of the record and research. And a preliminary crankle inquiry is, is a totally different level of specificity, a totally different level of, you could say, kind of deliberativeness, comprehensiveness. And so I don't think that, I don't think that the court could do anything at that stage that would cause, the procedure at that stage could cause forfeiture. You still would not be recommending a forfeiture rule, even in that context? No, I don't think that it would be appropriate. I don't think there's any authority for it, even with a crankle hearing. Yes. I, I think there's a good reason that the Supreme Court has found that issues in a PC can be forfeited for not being raised on direct appeal, but not based on, on every, on any other stage. Thank you. Thank you. Unless your honors have any other questions, we would ask that this court remand for second stage proceedings. Thank you. Thank you, counsel, both for your argument here this morning. We will take this matter under advisement. We will render a decision in due course. We will stand adjourned at this moment to prepare for our next case. And again, thank you very much for your arguments this morning. Thank you.